El Pueblo de Puerto Rico, demandante y apelado, *v.* Sixto Álamo Báiz, acusado y apelante.

Núm. 9999.—*Sometido:* Mayo 17, 1943. *Resuelto:* Mayo 25, 1943.

*Varona Pacheco & Pérez Rodríguez*, abogados del apelante; *R. A.
Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández,
Fiscal Auxiliar*, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tri-
bunal.

El apelante fué sentenciado a cumplir diecisiete años de
presidio con trabajos forzados al ser convicto de un delito
de asesinato en segundo grado. En apoyo de este recurso,
el apelante, como único error, señala que el veredicto no está
sostenido por la prueba. Basa su contención: (*a*) en que
según la defensa los hechos imputados al acusado ocurrie-
ron con motivo de una súbita pendencia o arrebato de có-
lera; (*b*) en que no existió premeditación expresa ni tácita;
(*c*) en que toda vez que uno de los testigos de cargo declaró
originalmente a un policía que un individuo conocido por el
apodo de Jibarín había tenido participación en el crimen,
esa circunstancia debió producir en la mente del jurado duda
razonable con respecto al verdadero autor del delito, y (*d*)
que existe "una posibilidad no muy remota" de que el acu-
sado fuese realmente la persona que originalmente dió el
primer golpe, pero no la puñalada.

La prueba del fiscal revela que la noche de autos, el
apelante y otros amigos se hallaban en un establecimiento
denominado Bar América, propiedad de Federico Santiago
Gómez. Que el acusado y un compañero conocido por el
apodo de Jibarín se acercaron al mostrador y pidieron *sand-
wiches* y cerveza que les fueron servidos por el dependiente,
pagando con una moneda de 25 centavos y una de 10 centa-
vos respectivamente. Que el dependiente puso sobre el mos-
trador la vuelta correspondiente a cada uno, pero el Jibarín
se apoderó de todo el dinero y se lo echó al bolsillo. Con tal
razón se suscitó una discusión entre ellos, dando lugar a que

el dueño del establecimiento les llamase la atención y les re-
quiriese para que saliesen del local. . En ese momento y sin
otro motivo, el acusado descargó su puño sobre el pecho del
dueño del establecimiento, quien fué derribado, quejándose
de haber sido herido. Tanto el acusado como su compañero
Jibarín se dieron a la fuga inmediatamente. Levantado el
interfecto y acomodado sobre una mesa, se comprobó que
estaba herido, siendo conducido al hospital, donde falleció
horas después. El médico que practicó la autopsia declaró
que la herida medía 3⅛ pulgadas de ancho, que había sido
inferida por un arma blanca, y que había interesado el pul-
món izquierdo, la arteria pulmonar cerca del ventrículo de-
recho, y producídole una gran hemorragia que fué la causa
determinante de la muerte.

Tal fué la prueba de cargo que desfiló ante el jurado.
De ella no surge que hubiese existido súbita pendencia o
que hubiese motivo para un arrebato de cólera por parte del
acusado, y la prueba de descargo tampoco tiende a demos-
trar tal cosa. La defensa del acusado fué simplemente que
él no infirió la herida y que no se hallaba presente cuando
se cometió el delito.

Que existió la premeditación tácita, concluyente-
mente lo demuestra el hecho de no haber existido notable
provocación para causar la muerte del interfecto. Artículo
200 del Código Penal. [3] El hecho de que no se ocupara
el arma en nada beneficia al acusado. De acuerdo con la
prueba de cargo, fué el acusado el único que atacó al inter-
fecto. Dos testigos presenciaron la agresión, y si bien de-
clararon no haber visto el arma, la mejor prueba de que la
tuvo en sus manos el acusado es la herida misma, la cual fué
producida necesariamente con un arma blanca. [4] Y por
último el hecho de que uno de los testigos de cargo hubiera
dicho en cierta ocasión fuera de la corte que el que causó la
muerte fué Jibarín y no el acusado, no implica necesaria-
mente que el jurado estuviese obligado a dar crédito a esa

manifestación o que la misma indefectiblemente tuviera que producir en sus mentes una duda razonable con respecto a la culpabilidad del acusado.

*Procede, por lo expuesto, desestimar el recurso y confirmar la sentencia apelada.*